WILLIAM KRAFT, Respondent, *v.* N. H. CARLOW, Appellant.

Occasional Acts of Ownership not Actual, Bona Fide Possession. Where plaintiff's grantor posted notice upon a tract of sixty acres of public land, stating that he claimed it; had it surveyed the next spring; cut hay from it in the summer, and while so doing put up a brush and canvas shanty for occupation, which he afterwards tore down, removing the canvas; and then sold to plaintiff, who in the fall burned the stubble; spent six weeks on the land the next summer; cut the hay; made twenty rods of fencing on one side; built a small cabin; ran three ditches with a plow; then left, and did not return till fall, when he was there again for a few days, burning the stubble; and there was nothing to designate the boundaries of the tract: *Held*, insufficient showing to maintain ejectment.

Kind of Possession Necessary to Maintain Ejectment. Where possession is relied upon to maintain ejectment, it must be an actual, bona fide possession, a subjection to the will and dominion of the claimant, as contradistinguished from the mere assertion of title and the exercise of occasional acts of ownership.

APPEAL from the District Court of the Seventh Judicial District, Lincoln County.

This was an action of ejectment to recover possession of a tract of about sixty acres of land, known as Davis's Ranch, in Meadow Valley, Lincoln County. The plaintiff relied upon prior possession. When he had introduced his testimony—the substance of which is stated in the opinion—

Kraft *v.* Carlow.

defendant moved for a nonsuit, on the ground that he had failed to show such an occupation or possession as would entitle him to a recovery. The motion was denied. The defendant then introduced testimony showing the peaceable character of his own entry and the good faith of his occupancy. There was a verdict for plaintiff. A motion for a new trial having been denied, defendant appealed from the judgment and order.

*Henry Rives,* for Appellant.

I. The evidence established the facts that neither plaintiff nor his grantor had ever complied with the possessory act of this State (Stat. 1864–5, pp. 343 and 344) in acquiring title to the premises in dispute, and that he must therefore rely for recovery upon actual possession; that plaintiff had never been in possession except upon three occasions in more than two years; that he had never enclosed the premises nor marked the boundaries; that he had not been upon the premises for two months prior to defendant's entry, and was not necessarily absent at the time of such entry; that defendant found no one in possession of the premises, and entered peaceably, without fraud, and occupied them sometime without any claim thereto on the part of plaintiff, and continued to live upon the premises, occupying and claiming them in good faith. Under this state of facts, shown by plaintiff's own testimony, the court below erred in not granting the motion for non-suit. *Sankey* v. *Noyes,* 1 Nev. 68; *Staininger* v. *Andrews,* 4 Nev. 59.

II. The evidence was insufficient to justify the verdict. The premises were shown to be agricultural and grazing land, and plaintiff was proven not to have enclosed or cultivated them, nor to have improved them, nor indicated how much he claimed, nor to have done anything concerning

them save what any person may, and frequently does, concerning public lands without acquiring or even claiming any title thereto; that is to say, selling the hay standing upon the land and, under his contract of sale, cutting the same.    There was no conflict of evidence.

*Bishop & Sabin*, for Respondent.

By the Court, BELKNAP, J.:

In the month of September or October, 1869, the plaintiff's grantor posted a notice upon an unoccupied tract of about sixty acres of land in Lincoln County, stating that he claimed the same.    The following spring he had the land surveyed, and in June or July, 1870, cut hay from it.    He erected a canvas and brush shanty for occupation while engaged in hay-cutting, and thereafter tore it down and took away the canvas.

In November, 1870, the plaintiff purchased the premises and prepared the land for the coming hay season by burning the stubble thereon.    This done, he left and did not return there until the latter part of June, 1871, when he remained a month or, under the most favorable construction of the testimony, six weeks.    During this time he cut the hay, constructed sixteen or twenty rods of fencing upon the lower side of the tract and built a small cabin; three ditches, also, were made somewhere upon the land by means of a plow. Between the eighth and fifteenth of November he was upon the premises four or five days burning stubble; and again he was there about the first of December and remained over night.    Neither the plaintiff nor his grantor ever resided upon the land, and their occupancy and improvement of it were confined to the times and acts stated.

The testimony does not show that the boundaries were in any manner designated.    No compliance with "the act pre-

scribing the mode of maintaining and defending possessory action on public lands in this State" was shown; and, in an action of ejectment for the premises, this was the extent of the plaintiff's proof of actual possession. The court refused a motion of non-suit. We think this was error.

The possession of the plaintiff as presented by the record is altogether too equivocal to maintain ejectment. It has frequently been determined that where possession is relied upon in ejectment it must be an actual, bona fide possession, a subjection to the will and dominion of the claimant as contradistinguished from the mere assertion of title and the exercise of occasional acts of ownership. The locality and appropriate use of the property may be important considerations in the determination of actual possession.

Judgment reversed and new trial granted.